**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| RONAK N. BRAHMBHATT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 25 C 14770 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, e*t al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendants United States Citizenship and Immigration Services (USCIS) and Joseph B. Edlow, USCIS Director, move to dismiss (dkt. 11) plaintiff Ronak N. Brahmbhatt's complaint (dkt. 1), which asks this court to order defendants to adjudicate his adjustment of status application (I-485). For the reasons stated below, defendants' motion is granted without prejudice. Case terminated. See statement.

## STATEMENT

Brahmbhatt brings this action under the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), asserting that this court has jurisdiction to compel USCIS to adjudicate his I-485 and that USCIS has no legal basis for failing to do so in a reasonable time. Defendants argue that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, because 8 U.S.C. § 1252(a)(2)(b)(ii) precludes a court's review of decision-making regarding immigration benefits that are statutorily designated as discretionary.

Brahmbhatt, who has held U-1 Nonimmigrant status (U-visa) since November 2019, filed an I-485 in February 2023 to adjust his status to lawful permanent resident (LPR), pursuant to 8 CFR § 245.1. On March 14, 2025, USCIS issued a Request for Evidence to Brahmbhatt, asking that he file several pieces of additional evidence to support his I-485. Brahmbhatt responded with the requested evidence on May 22, 2025. His I-485 remains pending, and he has received no other news from the agency. Brahmbhatt alleges USCIS's delay in processing his application has caused him great emotional, financial, and personal distress.

A non-citizen may be eligible for a U-visa if they have been the victim of a crime and assisted law enforcement in the investigation of that crime. *See* 8 U.S.C. § 1101(a)(15)(U). Once a non-citizen obtains a U-visa and spends three continuous years in the United States, they may apply to adjust their status to that of lawful permanent resident using Form I-485. *See* 8 U.S.C.

§ 1255(m)(1)(A). Under § 1255(m), "[t]he Secretary of Homeland Security may adjust the status of an alien admitted into the United States" under a U-visa to that of an LPR, unless the Secretary determines that the applicant engaged in certain acts of genocide or torture, or if they unreasonably refused to aid in a criminal investigation. 8 U.S.C. § 1255(m)(1). The Secretary must also determine that the applicant's "continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." § 1255(m)(1)(B).

8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review … any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion." Section 1252(a)(2)(B)(ii) thus is "a jurisdiction-stripping provision." *Bouarfa* v. *Mayorkas*, 604 U.S. 6, 10 (2024). Section 1252(a)(2)(B)(ii) covers subchapters 8 U.S.C. §§ 1151–1381. *See Kucana* v. *Holder*, 558 U.S. 233, 239 n.3 (2010). Adjustment of status from U-visa to LPR is authorized by 8 U.S.C. § 1255(m)(1), which falls within the range of subchapters covered by the jurisdiction-stripping provision. Furthermore, the decision whether to adjust status is an explicitly discretionary one, as "[t]he Secretary … *may* adjust the status of an alien admitted into the United States … under [a U-visa] to that of an [LPR.]" 8 U.S.C. § 1255(m)(1) (emphasis added). The Supreme Court "has repeatedly observed that the word 'may' *clearly* connotes discretion." *Biden* v. *Texas*, 597 U.S. 785, 802 (2022) (citations and quotations omitted) (emphasis in original).

Brahmbhatt argues that the court has jurisdiction over his claim because the delay in adjudicating his petition "has not been caused by an *act* within Defendant's discretion, but by inaction which is unreasonable considering Plaintiff's I-485 has been pending for over three (3) years at this point." (Dkt. 13 at 5.) (emphasis in original). Without action by USCIS, he argues, the jurisdiction-stripping provision cannot apply. The Seventh Circuit has rejected this argument in the similar context of a delay in USCIS's processing of a Form I-601A application for waiver. *See Soni* v. *Jaddou*, 103 F.4th 1271, 1272–73 (7th Cir. 2024) (*reh'g denied*, No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024)). In *Soni*, the Seventh Circuit concluded that "[s]etting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers.'" *Id*. at 1273. Following the holding in *Soni*, courts in this district have reasoned that § 1252(a)(2)(B)(ii) strips courts of the jurisdiction to review both discretionary decisions and "any . . . action" leading to such decisions, including the timeline by which that process proceeds. *See Patel* v. *Noem*, 25 C 3798, Dkt. 12 at 3 (N.D. Ill. Jan. 29, 2026) (Lefkow, J.) (citing *Garcia* v. *USCIS*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024)) (relying on *Soni*, 103 F.4th at 1273).

And while the Seventh Circuit has not addressed the specific context of a delay in processing an I-485, the Third, Fifth, Eighth, and Eleventh Circuits have all agreed that the jurisdiction-stripping provision applies to § 1255(a) (another, similar adjustment-of-status provision). *Geda* v. *Dir. of USCIS*, 126 F.4th 835, 844 (3d Cir. 2025); *Cheejati* v. *Blinken*, 106 F.4th 388, 394 (5th Cir. 2024); *Thigulla* v. *Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024); *Kanapuram* v. *Dir. of USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025). Courts in this district have followed suit by applying *Soni* to the context of processing delays of I-485s and finding that the jurisdiction-stripping provision applies. *See Jarrar* v. *Noem*, No. 25 C 5216, 2025 WL 3653700

(N.D. Ill. Dec. 16, 2025); *Fernandez* v. *Noem*, No. 25 CV 7366, 2026 WL 92337 (N.D. Ill. Jan. 13, 2026).

The court does not have jurisdiction to review the delay in processing Brahmbhatt's I-485. As such, Brahmbhatt's claim is dismissed without prejudice. Plaintiff is granted leave to amend the complaint within 14 days if he has a good faith basis for believing he can cure the pleading deficiencies identified in this opinion. If plaintiff does not file his amended complaint within 14 days from the date of this Order, plaintiff's case will be dismissed with prejudice.

Date: June 25, 2026

Joan H Lefkow
U.S. District Judge Joan H. Lefkow